THE COALFIELD COMPANY, for use, etc.,

*v.*

FERDINAND W. PECK.

*Filed at Ottawa September 25, 1880—Rehearing denied March Term, 1881.*

1. STOCKHOLDERS—*of the remedy to enforce liability of stockholders in suit by a creditor of the corporation.* Under section 8 of the act of 1872, entitled Corporations, making stockholders liable to creditors of the corporation to the extent of their unpaid stock, to be proceeded against at the same time, as in cases of garnishment, it is not essential that a stockholder or stockholders should be proceeded against at the same time the suit is brought against the corporation, as in garnishee proceedings under the Attachment act. The intention of the act is to give the remedy as ample and complete as in cases of garnishment known to the laws of the State, including the process after judgment.

2. SAME—*stockholder can not attack a judgment against corporation as collusive, at law.* Under the act of 1872 making stockholders liable for unpaid stock to creditors of the corporation, a stockholder when sought to be made liable can not attack the judgment recovered against the corporation on the ground that it is collusive and unjust. If he can attack the judgment on that ground, he must do so in a court of chancery.

3. PRACTICE—*on reversal Appellate Court must find the facts.* Where the judgment of the Appellate Court is made as the result, wholly or in part, of a finding of facts different from the finding in the trial court, it is made the duty of the Appellate Court to recite in its final order, judgment or decree, the facts found by it. If it does not, and no error of law is found in the record of the trial court, a judgment of reversal by the Appellate Court will be erroneous.

98 139
131 471
131 580

98 139
132 593

98 139
135 64

98 139
142 480
143 176
143 540
145 191

98 139
152 140

98 139
162 407

98 139
64a 405

98 139
166 516

98 139
168 556

98 139
184 344

98 139
90a 3 5

98 139
189 3 315

98 139
97a 1 441

98 139
193 3 98

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. Francis Goodspeed, Judge, presiding.

Mr. George S. House, and Mr. A. O. Marshall, for the appellant.

Messrs. Cooper, Packard & Gurley, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

On the 7th day of November, 1877, H. Leroy Thayer, for whose use this proceeding is prosecuted, recovered a judgment, in the Will circuit court, against the Coalfield Coal Company, for $5963.30, and an execution issued thereon having been returned "no property found," he, on the 27th day of December of the same year, sued out of said court a garnishee summons against Peck as a stockholder in said company.

Interrogatories were filed, and answered by the garnishee, and, upon the hearing, judgment was rendered against the garnishee, which, upon appeal to the Appellate Court for the Second District, was reversed, whereupon an appeal was taken to this court.

The liability which is attempted here to be asserted is under the 8th section of the act of 1872 (R. S. 1874, p. 287), entitled " Corporations," which is as follows:

" Every assignment or transfer of stocks on which there remains any portion unpaid, shall be recorded in the office of the recorder of deeds of the county within which the principal office is located, and each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. No assignor of stock shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor

jointly with the assignee until the said stock be fully paid. Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders, upon the stock owned by them respectively, whether called in or not, as in cases of garnishment. Every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon, to the extent and in the same manner as if he had been the original subscriber."

The position which is taken by appellee is, that this proceeding in garnishment after judgment, which has been adopted in this case, does not lie at all under this 8th section; that the only garnishee proceeding meant by the statute is that of garnishment as in original attachment, and that the only way in which the stockholder can be proceeded against and subjected under this section, is by suing out a summons against him at the same time the creditor's suit is instituted against the corporation. This construction is based upon the words "at the same time," which occur in the section in the connection that "it shall be competent to proceed against any one or more stockholders at the same time," it being contended that these words, "at the same time," relate to the time of bringing any action to recover any indebtedness against the corporation, and are exclusive of all remedy otherwise than in the particular way of commencing proceedings against the garnishee at the same time suit is brought against the corporation. The Appellate Court sustained this view of the case.

We think the above a too contracted interpretation of the statute.

The statute declares, unequivocally, that " each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided," which is, as we read it, " as in cases of garnishment."

Now, there were two modes known to our law by which, through garnishment, a debt owing by another to a judgment debtor might be reached and made subject by the judgment creditor to the payment of his judgment.

One is provided for in the act entitled "An act in regard to attachments in courts of record," where, in the special proceeding by attachment, there is included in the writ of attachment a garnishee summons to any one claimed to be owing a debt to the attachment debtor.

The other is in the act entitled "An act in regard to garnishment," where, when there has been a judgment obtained and an execution has been issued on it and returned "no property found," provision is made for the issue of summons against any person supposed to be indebted to the judgment defendant, to appear as a garnishee, whereby any debt owing by him to the defendant in such judgment, may be subjected to the payment of the judgment. The latter mode was the one pursued in the present case.

It is difficult to believe that in this 8th section of the Corporation act, subjecting unpaid stock to a liability for the debts of the corporation, with provision for enforcing the liability " as in cases of garnishment," reference was had to the act in regard to attachments alone, and not at all to that distinctive statute entitled "An act in regard to garnishment," and that, instead of giving the remedy "as in *cases* of garnishment," it is to be construed as having been given as but in the one case of garnishment—that in an attachment proceeding; and that the garnishee process can be taken out only at the same time of the commencement of the suit against the corporation.

By the Corporation act stockholders are made liable for the debts of the corporation to the extent of their unpaid stock, the manner of its collection to be as in cases of garnishment. We think the intention was, to give the remedy full and ample as in cases of garnishment, and that the reasonable and true construction is, that the remedy is given to the full ex-

tent, as recognized in any case of garnishment known to our law. We regard it as a too narrow view, which would make this important remedy of the creditors of a corporation to rest upon the seemingly non-essential circumstance of the taking out of the process of garnishment at the same time the creditor commences his suit against the corporation.

It is suggested there was reason for a provision that the stockholder should only be liable as garnishee, where the garnishee process was issued at the same time of the creditor's suit against the corporation, as there would thereby be afforded an opportunity to the stockholder to see that defence was made to the claim preferred against the corporation. There could hardly be imputed to the legislature a purpose of such kind. Such a purpose would be at odds with the whole theory of the law of corporations.

The stockholder would have no control over the suit against the corporation. The corporation has its representative officers, who, in legal contemplation, are all-sufficient for the protection of the interests of the corporation. The justness of any particular claim for which suit should be brought against a corporation would form no element of the stockholder's liability. It would seem to be indifferent to him to whom he paid the amount of his unpaid subscription, whether to the creditor bringing any particular suit against the corporation, or to any other creditor, or to the corporation itself. His only concern would appear to be, that he should not have to pay his subscription for stock more than once.

To be sure, the words of the section, " at the same time," create some ambiguity, whether they refer to the time when action is brought to recover any indebtedness against the corporation, or not. They do not, we think, necessarily refer to such time. They may be taken to refer to the procedure against the stockholders—that it shall be competent to proceed against any one or more stockholders at the same time; or they may perhaps be taken to refer to the same time of pendency of proceeding against the corporation, and not

of the commencement of the suit against the corporation. And we are disposed to hold that they do not refer to the same time of the commencement of the suit, so as to make the taking out of a garnishee summons at that particular time essential to the remedy which is given by the statute.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissenting.

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: This is an application, by Peck, for a rehearing. The application must be denied.

When the case was considered, we found that the circuit court had found the issues of fact against Peck, and rendered judgment thereon. The Appellate Court reversed this judgment, making no remanding order.

On examination of the record of the Appellate Court, we found that court did not "recite in its final order or judgment the facts as found" by that court. The statute provides, that "if any such final judgment of the Appellate Court shall be made as the result wholly or in part of a finding of facts   *   *   *   different from the finding of the court from which the cause is brought,"   *   *   *   it shall be the duty of such Appellate Court "to recite in its final order, judgment or decree the facts as found."

In the absence of such recital, this court could not properly decide the case upon the hypothesis suggested, that the judgment of the Appellate Court was founded, in any respect, upon a finding of facts different from the finding in the court below. We, therefore, examined the questions of law found in the record of the circuit court and found no error therein.

Finding no error of law in the record of the circuit court, and no error of fact being shown in the only manner provided by law for showing the same, the judgment of the

Appellate Court was necessarily reversed. A copy of the opinion of the Appellate Court was brought to our attention indicating that the Appellate Court did take a view of the facts different from the findings in the circuit court, and we were asked to affirm on that ground. We are not at liberty, in deciding a case, to look beyond the record, and hence could not properly consider the opinion of the court for such purpose.

We therefore remanded the cause to the Appellate Court without specific directions, leaving the case in such condition that the Appellate Court might take action in accord with the law as laid down by this court. If, when the case comes again before that court, the facts are held by the Appellate Court to be different from the finding in the circuit court, that court may, of course, found its judgment upon such different finding, and the facts so found in such case must be recited in the judgment. If the facts be found by the Appellate Court in accord with the finding in the circuit court, in such case the judgment of the circuit court should, of course, be affirmed by the Appellate Court.

It will thus be seen that our failure to pass upon the question relating to the alleged payment is no ground for a rehearing.

Again, a rehearing is sought upon the ground that (as is claimed) the judgment of Thayer against the coal company was collusive and unjust. This, too, is a question of fact. And as to the question whether Peck can be permitted, as garnishee, to attack that judgment, we think he can not; and if he can attack that judgment as a subscriber to the stock or as a shareholder, he must do that in a court of chancery.

Finding no sufficient reason for a rehearing, the petition is denied.

*Petition denied.*