## CITY OF CHICAGO

### v.

## SAMUEL B. KIMBALL, Adm'r, etc.

1. NEGLIGENCE—DEFECTIVE SIDEWALK.—The city, upon a portion of a street, had raised the sidewalk about five feet above the grade, and at the terminus of this raised portion the sidewalk stopped abruptly, with a height of five feet, with no steps, and only a plank, twelve inches wide and about twelve feet long, was laid as a bridge to pass up and down upon. About dusk, deceased, who was in her 71st year, attempted to make the descent of the plank with the assistance of a gentleman in this way: he was to walk slowly down and she follow him supporting herself by placing her hands upon his shoulders; when about the middle of the plank it, being defective, began to shake up and down so that deceased lost her balance and was precipitated into an excavation adjoining, fracturing her ankle, rendering amputation necessary, and death ensued. *Held*, that it was a fair and proper matter for the jury to say whether or not the deceased was in the exercise of ordinary care, and this court ought not to interfere with the verdict on that ground.

2. DAMAGES.—In this case $1,000 verdict was not such a one as to create any suspicion that the jury were actuated by passion or prejudice, or clearly misapprehended the evidence.

APPEAL from the Superior Court of Cook county ; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed January 27, 1886.

Mr. HEMPSTEAD WASHBURNE and Mr. CLARENCE A. KNIGHT, for appellant.

Mr. ROBERT RAE and Mr. F. Q. BALL, for appellee.

McALLISTER, J. This was an action under the statute, brought by appellee, as the administrator of the estate of Isabella Goodall, deceased, against the city, appellant, to recover damages to the next of kin of deceased, upon the ground that her death was the result of an injury received by her by reason of the city's negligence in respect to one of its public streets. Upon the trial the jury found the defendant guilty, and assessed plaintiff's damages at one thousand dollars, for

which judgment passed and defendant comes here by appeal. It appears that prior to September 26, 1882, the city, upon a portion of Johnson street, had raised the sidewalk about five feet above the grade where it formerly and the remainder of it was; that one of the terminations of this raised sidewalk was alongside a lot which had been excavated for building purposes, some two feet or more below the grade of the old sidewalk; that at this terminus of the raised walk there were no steps to aid the traveler to descend down to the grade of the old walk; that it stopped there abruptly having a descent of about five feet to the old walk; that to enable those traveling thereon to pass down, a plank twelve inches wide and about twelve feet long was placed with one end on the end of the raised sidewalk, and the other down upon the old walk, and there were neither signals, barriers nor railings; that about dusk of the evening, September 26, 1882, the deceased, who resided some five blocks away, being then in the seventy-first year of her age, started in company with a Mr. and Mrs. Smith and a Mrs. Eckhart, to go to church, it being Sunday evening; that on their way they reached the spot above described, and deceased, evidently having no previous knowledge of the place, hesitated about descending the plank; finally she was prevailed upon to undertake to go down, with the assistance of Mr. Smith, in this way: he was to walk slowly down and she follow him, supporting herself by placing her hands upon his shoulders; that they proceeded in that way until they reached about the middle of the plank, when the latter being defective began to jiggle or shake up and down to such an extent as that deceased, from that motion and the narrowness of the plank, lost her balance and was precipitated into said excavation, upon stones and bricks, suffering thereby a bad fracture of one of her ankles; that although duly attended to amputation became necessary, soon after which she died. The injury was the cause of her death. It appeared that the sidewalk at that place had been in the same condition as it then was for at least six weeks.

There was no evidence offered on behalf of the city. There is no question of law arising upon the giving, refusing or mod-

ifying instructions, or as to the admission or exclusion of evidence. But counsel for the city urge that deceased was guilty of gross negligence in attempting to descend the plank, and that we should say, as matter of law, such negligence barred a recovery. We are of opinion that, in view of the peculiarity of the circumstances, it was a fair and proper matter for the jury to say whether or not the deceased was in the exercise of ordinary care in attempting to descend the plank in the way she did, and that the jury having found that she was, we ought not to interfere with the verdict on that ground. That the city was guilty of a gross violation of its duty to the public in so constructing and leaving said sidewalk, there is no room for doubt. But in considering the question of ordinary care on the part of deceased it must be borne in mind that such raised sidewalk and plank were tendered to the public as a safe way. There were no signals or barriers or aught else to indicate that the city authorities regarded it as dangerous, but there was, on their part, an implied invitation to the public to pass there. Now, can we say, as matter of fact, that the precautions which the deceased took were not such as all reasonably prudent persons would have taken, under like circumstances? Can we say that she was lacking in common prudence to undertake to make the descent in the way she did? If the plank had not been defective, in all probability ten thousand persons could have gone down in the same manner without one being hurt; and so, probably, could deceased. The circumstances of this case are peculiar, and they distinguish it from all the cases cited by appellant's counsel.

The counsel also urge a reversal on the ground that the damages are excessive. We do not think that the damages are so excessive as to bring the case within the rule by which appellate courts are guided in reversing judgment upon that ground in actions under the statute like this, or actions sounding in damages. There is nothing in the case or as respects the sum at which the jury fixed the damages to create even a suspicion that the jury were actuated by passion or prejudice, or clearly misapprehended the evidence. Perceiving no error in the record the judgment will be affirmed.

Affirmed.