THE CITY OF AURORA

*v.*

WILLIAM ROCKABRAND.

*Filed at Ottawa March 31, 1894.*

1. NEGLIGENCE—*obstructions in the street—failure to place danger signals.* The failure of a city to place danger signals at places of danger from obstructions in the streets, whereby a personal injury is received, is negligence, notwithstanding the streets are lighted by electric lights. It will not do to say that an electric light upon a street, however bright, can always take the place of danger signals.

2. SAME—*instruction construed.* In an action against a city, the first count of the declaration charged negligence in placing and leaving upon a street a large pile of gravel, and the second the same, and also negligence in failing to place lights or signals of danger upon or near the gravel. The court instructed the jury, that if they believe, from the evidence, that the defendant was guilty of negligence as charged in the declaration, and in consequence of such negligence the plaintiff was injured while exercising due care, the plaintiff was entitled to recover: *Held,* that the instruction, when fairly considered, did not, in the slightest degree, take away from the consideration of the jury any evidence in the case as to the sufficiency of the city lights to enable the plaintiff, by the use of ordinary care, to discern and avoid the danger.

3. PRACTICE—*asking special finding—controverting the same.* Where a party to a suit asks for and obtains a special finding of a fact adversely to his contention, he will not be allowed to gainsay such finding on appeal or writ of error.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

Mr. F. G. PLAIN, Mr. CHARLES WHEATON, and Mr. C. I. Mc-NETT, for the appellant.

Mr. M. O. SOUTHWORTH, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee recovered a judgment against appellant, in the circuit court of Kane county, for the sum of $5000, for a personal injury alleged to have been received by him through the negligence of the city in keeping its streets in a safe condition. The Appellate Court affirmed that judgment, and the city appeals.

The negligence charged in the first count of the declaration is, that the city "placed upon and permitted to remain in the middle of one of its streets, a large pile of gravel, and the plaintiff, not knowing the same was there, drove his wagon upon such pile of gravel, whereby it was turned over, throwing him to the ground, the wagon falling upon him," etc. The second count charges the same negligence as to putting and suffering the gravel to remain in the street, and also the failure to place lights, or danger signals, upon or near the same.

The only substantial ground of reversal insisted upon here is the giving of the second and sixth instructions on behalf of the plaintiff. The criticism made upon these instructions is the same. They each tell the jury, that if they believe, from the evidence, that the defendant was guilty of negligence as charged in the declaration, and in consequence of such negligence the plaintiff was injured, he exercising due care, the

plaintiff is entitled to recover. The contention is, that in view of the allegation in the second count as to the omission to place lights, or signals of danger, upon or near the alleged obstruction, these instructions are misleading, and the whole argument is based upon the proposition, "it does not follow that in this case the city was guilty of negligence that would warrant a recovery, because no lights or other signals of danger were placed on or near the pile of dirt or gravel, if that place was sufficiently lighted otherwise, so that a person could, by the use of his ordinary senses, see the dirt or gravel, and by the exercise of ordinary care avoid it."

It is said there was at least a conflict in the evidence as to whether or not the place was sufficiently lighted by the electric lights of the city to enable any one to readily discover the gravel pile, and it is assumed that the instructions, when applied to the second count, take from the jury all consideration of that fact. In other words, the instructions seem to be understood as telling the jury, that if they believe, from the evidence, that the city failed to place lights, or danger signals, at or near the obstruction in the street, and plaintiff was injured, using due care, he should recover, notwithstanding the place was abundantly lighted from the electric lights of the city. The argument ignores a very substantial qualification found in both instructions, viz: "And if you further believe, from the evidence, that in consequence of such negligence on the part of the defendant, if shown by the evidence, the plaintiff was injured," etc. Applied to the second count, these instructions told the jury that they must not only find that the city was negligent in not placing signals or lights, but also that in consequence of that failure the plaintiff was injured. Therefore, according to the plain language of the instructions, if the jury believed that, because of electric lights, signals of danger were unnecessary to prevent the injury to the plaintiff if he had used due care, he could not recover. We are wholly unable to perceive how these instructions, fully

26—149 ILL.

and fairly considered, tended, in the slightest degree, to take away from the consideration of the jury any evidence in the case as to the sufficiency of the city lights to enable the plaintiff, by the use of ordinary care, to discover and avoid the danger. Not only so, but the attention of the jury was directly called to that question by the request of the defendant that they should find specially whether "the electric lights of the city did light the place where the alleged accident occurred, at the time, so that the plaintiff, by the reasonable exercise of his senses, might have seen that there was gravel on the street, and avoided it," to which they answered "No." The city can not now be heard to gainsay that finding.

It will not do to say that an electric light upon a street, however bright, can always take the place of danger signals, where temporary obstructions are placed upon the street. The object of a danger signal is to direct the attention to a particular object, and warn those approaching, of something unusual. The electric light may enable those passing over the streets to see their way, and avoid others, and things generally found on the street, but they give no special warning whatever, and, as is well known from experience, are often deceptive and bewildering. But these considerations are of little importance in this case.

We think the instructions complained of are free from error, and perfectly fair to appellant. Whether the verdict is just upon the whole case, is one which we are prohibited from considering by the plain, mandatory provisions of the statute. We can not review it except upon questions of law.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*