## Grace Nichols, Appellee, v. City of Collinsville, Appellant.

1. VARIANCE—*when material, not established.* A slight variance is not material. *Held*, under the evidence, that the proofs tended to establish that the injury sued for was occasioned by stepping into an excavation rather than into a hole, as claimed in support of the contention of variance.

2. NEGLIGENCE—*when evidence tends to establish notice of dangerous condition.* Where it appeared that the place of the accident was in a dangerous condition for pedestrians passing along the walk at night, that the walk had been torn up for nearly three weeks and the excavation in question had been made several weeks before the day of the injury and that there was no light or danger signal in the vicinity of the alley, *held*, that constructive notice of the condition of such walk was sufficiently established to sustain the verdict rendered.

3. NEGLIGENCE—*when city liable for dangerous condition of sidewalk.* It is immaterial whether the excavation which caused the injury was made by the city itself or by a contractor whom the city had engaged to do the work.

4. INSTRUCTIONS—*when improper will not reverse.* In the absence of prejudice resulting, the giving of an inaccurate instruction will not reverse.

5. VERDICTS—*when not excessive.* *Held*, in an action on the case for personal injuries, that a verdict for $1500 was not excessive where it appeared that plaintiff suffered severe pain for a considerable period of time, sustained an injury which was to some extent permanent and was compelled to expend the sum of $100 for physician's services.

Action in case for personal injuries. Appeal from the Circuit

Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding.    Heard in this court at the March term, 1911.    Affirmed. Opinion filed November 11, 1911.

MAURY D. POWELL, for appellant.

C. H. BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The city of Collinsville is prosecuting this appeal from a judgment against it, in favor of appellee, who was injured while passing along one of appellant's streets, where improvements in the way of pavement and curbing were being made.

There is little controversy as to the facts.    Sometime prior to June 26, 1910, the city entered into a contract with O. T. Dunlap, to pave portions of certain of its streets, including Hesperia street.    In pursuance of this work, Hesperia street, running north and south, had been excavated for a block between Main street on the south to Clay street on the north of it, to a depth of some sixteen inches.    In the middle of the block, Hesperia street was intersected by an alley running parallel with Main and Clay streets, from which it was equally distant.    On the west side of Hesperia street, the city had formerly maintained a brick sidewalk, but this had been removed at the crossing of the alley and the dirt had been excavated back to the west line of the street, across the alley, preparatory to putting in the pavement.    On the south side of the alley a stone curbing, five inches thick and twenty inches deep, extended across the place where the sidewalk had formerly been, to the east to meet the curbing, which was to form the west side of the street.    The sidewalk had also been taken up for a distance of about five feet south of the curbing.    The curbing was some two inches higher than the ground on the south side of it, from whence the brick walk had been taken, and 12 or 13 inches higher than the

ground on the north side of it, which had been pre-
pared for the street pavement. There was also a
space of about an inch between the curbing and the
ground south of it, which had been excavated when
the curbing was set and not yet filled in. There were
no lights, danger signals or warnings of any kind
across the walk at this point and the nearest lights
were incandescent street lights, placed at intersections
of Hesperia street with Main and Clay streets, the
distance between the last two streets being 396 feet.
The bricks in the walk had been removed about April
1, 1910, and the street had been torn up to prepare
for the paving for several weeks prior to the time ap-
pellee was injured.

On the day above mentioned appellee, Grace Nichols,
twenty-four years of age, living just south of the city
of Collinsville, was visiting her friends, Mr. and Mrs.
Lon E. Hogan, who resided a short distance south of
the point in question. Shortly before nine o'clock that
evening, she started with them to an amusement park,
some blocks north of their residence and in so doing
proceeded to walk along the west side of Hesperia
street. Appellee had not been along there before and
did not know the street had been torn up that improve-
ments might be made. It had been raining during the
afternoon and was quite dark. As they reached the
place where the sidewalk was torn up and were about
to cross the alley, appellee's right foot slipped into a
hole on the south side of the curbing and she was
thrown forward over the curbing into the excavation.
By the fall she was severely and painfully injured.
Her ankle was partially dislocated, there was a rup-
ture of some of the attachments on the inside of the
ankle joint and the ligaments connecting the large
bone with the bone of the foot were partially torn.
She was taken to the home of the friends with whom
she was walking, suffering intense pain and was un-
able to be taken to her own home for two weeks. For
two months she could only walk with the aid of crutches

and at the time of the trial, five months after she was injured, was compelled to walk with a cane.

Suit was brought by appellee against appellant and the contractor Dunlap too, but the jury found Dunlap not guilty. The verdict and judgment against appellant was for $1500.

Appellant insists there was a material variance between the declaration and the proofs in regard to the location of the cause of the injury, in this, that the declaration charged appellee was injured by reason of stepping into an excavation which had been made in or near said alley, while the proofs showed she was injured by stepping into a hole on the south side of the curbing.

We do not think this contention of appellant is well founded, as there was in fact a small excavation next to the curbing on the south side thereof which had not yet been filled and the witness Hogan who examined the place immediately after the accident, testified that a small slope going down to the curbing and a little hole on the south side of the curbing, were at the place where she fell.

It appeared also she in fact fell from the curbing into the excavation at the entrance to the alley which was a part of the same excavation in which the curbing was set. If it could be said that there was any variance whatever it was so very slight as to be immaterial.

It is claimed by counsel for appellant that no notice to the city, either actual or constructive, of the unsafe condition existing at the place in question, was shown. The proof was positive, however, that the place was in a dangerous condition for pedestrians passing along the walk at night; that the walk had been torn up for nearly three months and the excavation had been made several weeks before the day of the injury and that there was no light or danger signal in the vicinity of the alley. These facts were sufficient to charge the city with notice and it was immaterial whether the excavation was made by the city itself or by the con-

tractor, who had engaged to do the work.  Hogan v. City of Chicago, 168 Ill. 551.

Appellant complains of the second instruction given for appellee, which told the jury, if it found that the contractor, Dunlap, under a contract with the city, was doing some paving and improvement work on Hesperia street on the west side thereof, at and in the alley in question, it was the duty of the contractor and appellant to place proper signal lights or other means of warning, to notify the public of the conditions existing at the place.

The criticism of this instruction is that it required warnings to be placed without regard to the question as to whether the conditions were dangerous to the public or not.  This instruction was not carefully drawn and might well have been refused, but it could have done no injury in this case, as the evidence plainly showed the conditions at the place in question were dangerous and that a warning signal was necessary to protect the public.

Finally, appellant contends that as appellee was unemployed and living at home with her father and mother, the judgment was excessive.  The evidence shows that appellee suffered severe pain for a considerable length of time and that her injury is to some extent permanent.  It was shown that an expense of $100 for a physician's bill had already been incurred by appellee, which would leave $1400 for the other expenses incurred by her in endeavoring to be healed of her wound and for compensation for her pain and suffering and the permanent injury sustained by her.

Upon a consideration of all the facts concerning the injuries suffered by appellee, we do not feel justified in holding that the damages awarded her, are so excessive as to warrant a reversal of the judgment on that account.

The judgment of the court below will be affirmed.

*Affirmed.*