LYDIA ROWE *versus* EPHRAIM JOHNSON & *al.*

Where the demandant in dower deceased during the pendency of her suit, the court refused to permit judgment to be rendered, as of a term anterior to her decease.

Where from the death of the demandant, it is impossible to assign dower, damages cannot be rendered for its detention.

The assignee of a widow's right to dower, cannot be placed in a better situation than his assignor.

An action to recover dower is abated by the death of the demandant.

THIS was an action to recover dower. The facts upon which the decision was made, sufficiently appear in the opinion of the Court.

Savage Manufacturing Co. *v.* Armstrong.

The cause was submitted without argument, by *S. Long-fellow,* for the demandant, and *A. Haines,* for the tenant.

The opinion of the Court was delivered by

WHITMAN C. J. — It is suggested that the plaintiff has deceased; and a motion is made, that judgment should be entered as of a term anterior to her decease. This, we think, cannot be done. This is an action of dower, in which it is claimed that dower should be assigned, and that damages should be recovered for the detention of it. No dower can be now assigned; but it is contended that damages for the detention of it may, still, be recovered by entering judgment *nunc pro tunc.* The recovery of damages in an action of dower, without the recovery of dower itself, it is apprehended, would be an anomaly in legal proceedings, not provided for by our statute. It is, besides, laid down in the books, that the damages, to be awarded in such case, are for a tort; and, that, if the demandant die before they are ascertained, the executor shall not have them. Stearns on Real Actions, 289; Park on Dower, 313.

Although the damages are claimed, in this case, by one who as assignee instituted the suit, in the name of the plaintiff, for his own benefit, yet he cannot be placed in a situation better than would be that of the executor. The action therefore must abate.