## ARCHIMEDES GALBRAITH v. MARY FLEMING.

*Ejectment—Statutory action for recovery of dower—Available to the widow alone, prior to assign nent—Assignee. of widow cannot bring under How. Stat. sec. 7344 — Unassigned dower is a mere right of action—May be released by widow, but she cannot invest another with a legal title thereto—After assignment, becomes subject to transfer, like other life estates.*

A widow, *prior* to the assignment to her of her dower, conveyed by quitclaim deed "all of her right, *claim*, and interest, as such widow, whether of dower or otherwise," of, in, and to the lands of which her husband died seized, to the plaintiff, who brought an *action* of ejectment to recover the undivided third of said lands, " as the reasonable dower of the widow."

*Held*, that the authority for bringing an action of ejectment to recover dower rests *entirely* upon the statutes, in which form of action it. is *alone* recoverable in Michigan. How. Stat. secs. 7789, 7845; *Proctor v. Bigelow*, 38 Mich. 285.

*Held*, further, that such statutory right of action to recover *unas-signed* dower is vested *solely* in the widow, and is not available to her assignee under How. Stat. sec. 7344.

Error to Sanilac. (Wixson, J.) Argued February 18, 1886. Decided April 8, 1886.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion and head note.

*George P. Voorheis*, for appellant:

How. Stat. § 5733, provides that "the widow of every deceased person shall be entitled to dower, or the use, during her natural life of one-third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof;" and this Court has said that a widow may bring ejectment for her dower interest at once, and without assignment: *Proctor v. Bigelow*, 38 Mich. 282; *Moody v. Seaman*, 46 Mich. 76.

Section 7344, How. Stat., provides that " the assignee of any bond, note or other chose in action, not negotiable under

*existing* laws, which has been or may be hereafter assigned, may sue and recover the same in his own name, upon such bond, note or other chose in action;" and the question is whether the right of dower is a "chose in action," or such a right as is covered by this statute.    In *Cook v. Bell*, 18 Mich. 387, a land contract was held to fall within this section, this Court holding that it "reached every right in property which was ever assignable in equity, or capable of survivorship to executors;" and in *Final v. Backus*, 18 Mich. 218, the right of action for such torts as survive to the personal *representatives*, was held to be assignable under this statute.    In *Strong v. Clem*, 12 Ind. 37, the court held such a dower right assignable ; that upon the death of the *husband* the previous inchoate right of the wife became a vested one, lying, it is true, in action, but still vested; a right arising out of *contract*—not tort, and that such rights were assignable in equity and at common law.

In *Westbrook v. Vanderburgh*, 36 Mich. 30, this Court sustained the right of a widow to *bring* an action of ejectment for lands conveyed by her husband *during* coverture, she not having *joined* in the deed.

*Divine & Babcock* and *A. R. Avery*, for defendant :

Dower, under our statute, is substantially the same as at common law : *Pratt v. Tefft*, 14 Mich. 197 ; *Greiner v. Klein*, 28 Mich. 16 ; and before assignment is an inchoate interest in the *whole estate*, and not in any particular part, and the statute authorizes one entire remedy by which the claim thereto may be enforced : How. Stat. §§ 5740–1–2.

While the statute (How. Stat. § 7789) authorizes a widow to bring ejectment for the recovery of her dower, it clearly implies that such right rests with her alone, and cannot be transferred to another; and this Court held, when the statute was the same as now, "that the right to dower, until legally assigned, was a right in *action* only " : *Rayner v. Lee*, 20 Mich. 384; Comp. Laws, 1857, § 4555.

At common law, while a widow might *release* her dower, thereby extinguishing it, she could not *alien* it so as to enable her grantee to bring an action in his own name : *Howe v. McGivern*, 25 Wis. 525 ; *Cox v. Jagger*, 2 Cow. 638; *Jackson, ex dem. v. Vanderheyden*, 17 Johns. 167 ; *Jackson, ex dem. v. Aspell*, 20 Johns. 411; Kent's Com. Vol. 4, 61 ; 3 Wait's Actions and Defenses, 660 ; *Sheafe v. O'Neil*, 9 Mass. 9 ; *Greene v. Putnam*, 1 Barb. 500; *Stewart v.*

*McMartin*, 5 Id. 438; *Johnson v. Shields*, 32 Me. 424; *Stewart v. Chadwick*, 8 Iowa, 463.

The widow is not seized of any part of the land on the death of her husband, by any right of dower, until assignment to her, and she has no estate in the land nor anything which she can assign or convey to another: *Brown v. Meredith*, 2 Keen, 527; *Gooch v. Atkins*, 14 Mass. 378; *Tompkins v. Fonda*, 4 Paige, 448.

Under her rights at law, the widow's dower, prior to assignment, rests in action only, and is unassignable. The most she can do is to release it (and that is what we claim to be the legal effect of her deed to plaintiff) to some one who is in possession of the land, or to whom she stands in privity of estate. She cannot invest another with it: *Blain v. Harrison*, 11 Ill. 384; *Summers v. Babb*, 13 Ill. 483. The defendant and her husband were in joint occupancy of the land in controversy when this suit was brought, and had been for some time prior thereto, and he is not made a party defendant: *Hodsin v. Van Fossen*, 26 Mich. 68.

MORSE, J. This is an action of ejectment, brought by plaintiff to recover the dower of Elizabeth Galbraith, his father's widow, in 80 acres of land of which the fee is in the defendant.

William Galbraith, the father of the parties in this suit, at the time of his death was the owner in fee simple of the W. ½ of the N. E. ¼ of section 29, and the W. ½ of the S. E. ¼ of section 20, in the township of Worth, Sanilac county. He left surviving him, as heirs, the plaintiff, the defendant, and Pythagoras Galbraith, and a widow, Elizabeth Galbraith.

There was no will, and after his death the children divided the real estate, subject to the widow's dower, not then assigned, by which the plaintiff acquired the title to the 80 acres on section 20, and the defendant became the owner of the 80 acres on 29. This, and 60 acres, was occupied by the father as one farm at the date of his decease. All the buildings and improvements were upon the land now held by plaintiff, while the premises assigned by the division to defendant were practically wild and unimproved.

The division was made in March, 1879, and soon thereafter the defendant and her husband moved upon the prem-

ises deeded to them, and have materially improved and benefited the same.

In April, 1879, the widow petitioned the probate court of Sanilac county for the assignment of her dower in the whole farm. Commissioners were appointed for that purpose, and subsequently met upon the farm to assign such dower; but before final action was taken by them a settlement was made between the plaintiff and the widow, by which arrangement the widow released and conveyed to the plaintiff all her right and interest in and to the estate of her deceased husband.

The deed from the widow to the plaintiff was an ordinary quitclaim in form, and conveyed to him, "and to his heirs and assigns, forever, all her right, claim, and interest, as widow of William Galbraith, deceased, whether of dower or otherwise, and any right whatever of, in, and to" the lands, describing them as above.

In 1882 the plaintiff brought this suit, claiming the dower interest as assignee under said deed and purchase.

The circuit judge instructed the jury that the remedy in ejectment given the widow under the statute to recover her dower could not be extended to an assignee of her claim before the dower was assigned and set off, and ordered a verdict for defendant.

It seems to be admitted that as to the portion of the farm owned by plaintiff, the widow's deed could have no other effect, and must have been intended by both herself and the plaintiff as a simple release of her right and dower therein; but it is claimed by plaintiff's counsel that as to that portion held by his sister, the defendant, the widow's deed was in effect a conveyance, upon which he could maintain this suit as grantee of the dower interest; that the right of dower was a valid, subsisting right against every parcel of land affected by it; that it was a valuable right which she could sell and convey; and she having the right to sell and convey this interest, the plaintiff had also a right to buy, and, having a right to buy, must necessarily, from the very nature of things, have also a right to enforce and obtain possession of what he bought.

The authority for bringing an action in ejectment to recover dower rests entirely upon the statutes; and this question of the plaintiff's right to bring it in this case must depend upon the statutes and their reasonable construction. It has been heretofore ruled in this State that dower can only be recovered in one form of action, which is statutory ejectment: *Proctor v. Bigelow*, 38 Mich. 285.

The statute provides that ejectment may be brought "by any widow entitled to dower, or by a woman so entitled and her husband, after the expiration of six months from the time her right accrued, to recover her dower of any lands, tenements, or hereditaments:" How. Stat. § 7789.

Section 7845 of Howell's Compilation also authorizes the widow to bring her action before assignment of her dower, and provides that upon recovery it shall be admeasured and set off by commissioners in the same manner as in probate proceedings. See, also, *Snyder v. Snyder*, 6 Mich. 473.

There is no express authority given to an assignee or grantee of the widow, in the statutes, to bring ejectment.

The question, therefore, arises whether any such right can be implied from the statutes.

It is claimed by the plaintiff that, under the statute authorizing any assignee of any *chose in action* to sue and recover in his own name, he is entitled to prosecute the action of ejectment under the statute, in the widow's stead, in his own right and name; that the statute in relation to assignments is broad enough to empower him to use any remedy to enforce his rights in his own name that the widow might have used had no assignment to him been made: How. Stat. § 7344.

The right of dower, until it is legally and duly assigned, is a right vesting in action only. It has been held in this State to be a mere right of action, and nothing more: *Rayner v. Lee*, 20 Mich. 384.

And the general rule is that it cannot be aliened so as to enable the grantee to bring an action therefor in his own name.

The widow may release her dower to the terre-tenant, so as to bar herself, but she cannot invest any other person

with a legal title thereto until it has been assigned: 2 Scrib. Dower, 42, and cases there cited.

The right of dower attends the estate, and it is only severed by assignment. After such severance by assignment, it becomes then subject to sale and transfer, the same as other life estates, but not before. The widow may release it to the owner of the fee, so as to unite it with the fee, but she cannot alien or transfer it to a stranger to the title.

It has been held in some of the states that if a widow sell her right to dower before assignment, the purchaser may maintain a writ of dower, and compel an assignment, in a suit in her name, although it is really for his benefit: *Robie v. Flanders*, 33 N. H. 524; *Lamar v. Scott*, 4 Rich. 516; *Thomas v. Simpson*, 3 Penn. St. 60; *Rowe v. Johnson*, 19 Me. 146.

And it has also been held that courts of equity will enforce such a conveyance made before assignment, in a proceeding by the purchaser against the heirs and the widow, the assignee or grantee being considered as succeeding to the widow's rights in the premises; and courts have, in such cases, decreed an admeasurement of the dower as against the heirs, and compelled a new conveyance from the widow after such assignment or admeasurement: *Potter v. Everitt*, 7 Ired. Eq. 152; *Wilson v. McLenaghan*, McMul. Eq. 35; *Maccubbin v. Cromwell*, 2 Har. & G. 443.

But we are unable to find any authority authorizing ejectment to be brought by one purchasing the right of dower before its assignment, either in the name of the purchaser or the widow.

. At the common law the widow could not bring ejectment before assignment; and under our statute, as heretofore shown, authorizing her to do so, no provision is made for any other person to use the action in her place or stead. The admeasurement proceedings are the same as those in the probate court, which seem to contemplate that the widow must be a party. In these proceedings there are opportunities for questions to arise that could not be well determined unless she was a party.

Our ejectment statute was taken from New York, and it has been held there that their statute has not changed the character of the dower interest; that it still remains as before,—simply a right in action, and not a vested interest, until assignment: *Yates v. Paddock*, 10 Wend. 528.

We do not think that the Legislature intended that the statute empowering assignees to sue in their own names should apply in a case like the present.

While unassigned dower is spoken of as a right in action, yet it never justified an action in any shape beyond the special proceedings for its assignment and admeasurement.

And the statute authorizing the widow to bring ejectment before the dower is assigned clearly does not contemplate any proceedings after judgment to admeasure the dower, save in her interest and as to her, as it expressly provides that the same proceedings shall be taken as in probate court, which proceedings are framed entirely upon the assumption that the assignment is to be made to the widow alone: How. Stat. §§ 5740–5743.

And it is not to be admitted that an assignee or grantee before such assignment could call upon the probate court to admeasure and set off to him the dower of the widow, under these statutes.

It seems to us that the statute of ejectment forbids, by necessary implication, its use to recover unassigned dower by any other person than the widow; and we do not deem it within our province to increase her right to transfer this interest, or to enlarge the remedy for its recovery. This is for the Legislature, and not for the courts.

The judgment of the court below is therefore affirmed, with costs.

The other Justices concurred.