SAMUEL JONES, Respondent, v. ORIN S. GALE, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. ASSAULT AND BATTERY — DAMAGES FROM — SELF-DEFENCE — CASE ADJUDGED.—Where, as in this case, the defendant, provoked and brought on the difficulty with the plaintiff, he cannot avail himself of the right of self-defence, in order to shield himself from the consequences of beating and assaulting his adversary, no matter how imminent any danger in which he may have found himself during the progress of the fight.

2. ——— JUSTIFICATION—INSTRUCTION.—Consent to an assault is no justification, *even if proved*. But, in this case, there was no *evidence* upon which to base an instruction of justification.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

The case is stated in the opinion.

BROADDUS, WAIT & GILL, for the appellant.

I.    The instruction as to self-defence is founded on *State v. Linney* (52 Mo. 210). This is expressly repudiated in *State v. Culler* (82 Mo. 623). The evidence shows that if any one sought or brought on the difficulty, it was plaintiff.

II.    The court erred in refusing defendant's instructions, and in the motion for new trial the attention of the court was called to the giving of improper instructions for plaintiff, and refusing proper instructions asked for by defendant, and that the verdict was against the law and the evidence.

C. H. MANSUR, for the respondent.

I.    The instructions given for plaintiff and defend-

ant, *five* each, fully and fairly submit and *cover every point in the case*. The instructions refused defendant were rightly refused, for this reason. *Coe v. Griggs*, 76 Mo. 619.

II. The instruction given for plaintiff, as to self-defence, is correct. It is an exact counterpart of one given in *State v. McGuire* (69 Mo. 200). Moreover, *State v. Culler* (82 Mo. 624), is not in conflict with it, but in support of it. See, also, *State v. Christian*, 66 Mo. 140.

III. Even if parties mutually agree, by common consent, to fight, each is liable to the other for actual damages. *Sharp v. Thompson*, 59 Wis. 540. But there is not one particle of evidence in this case tending to show that plaintiff, by his own consent, went into the fight with defendant.

Hall, J.—This was an action for damages resulting from a violent and cruel assault and battery. The answer contained a general denial, and a plea of *son assault demesne*.

The plaintiff had judgment from which the defendant has appealed to this court. The defendant complains here of the action of the circuit court in giving instruction number four, for the plaintiff, and in refusing certain instructions asked by defendant.

Instruction number four, given for plaintiff, is as follows :

"The jury are instructed that, if they shall believe, from the evidence, that the defendant, Gale, provoked and brought on the difficulty with the plaintiff, Jones, then Gale cannot avail himself of the right of self-defence in order to shield himself from the consequences of beating and assaulting his adversary, no matter how imminent any danger in which he may have found himself during the progress of the fight, and if in this case the jury shall believe, from the evidence, that the defendant Gale prepared himself with a rock, previous to his assault on the plaintiff, and brought on the fight in order to

wreak his malice, or satisfy any private vengeance upon the plaintiff, then there was no self-defence in this case."

As to the objection made that the instruction was not supported by the evidence we deem it sufficient to say that, in our opinion, such objection is not tenable, and that the instruction was warranted by the evidence. The instruction was correct. It is a counterpart of one given and approved in *State v. McGuire* (69 Mo. 200). It conforms to the law as laid down in *State v. Christian* (66 Mo. 140). The instruction is not to be treated as two instructions, the first paragraph being one, and the second paragraph being another instruction ; the instruction is to be treated as one instruction, the two paragraphs being parts of the same instruction. The instruction thus treated is not in conflict with, but comes within the rule enunciated in the opinion in *State v. Culler* (82 Mo. 623). The second paragraph of the instruction refers to the first paragraph, and explains what is there meant by "provoked and brought on the difficulty."

We do not understand that there is any conflict between the opinion of Judge Sherwood in *State v. Culler*, *supra*, and the opinion of the court in *State v. McGuire*, *supra*. But if we are mistaken about it, still we must follow the latter case, because, by the amendment of the constitution creating this court, this court is required to follow the latest decision of the supreme court upon any question. The case of the *State v. McGuire, supra*, contains the latest expression of the opinion of the supreme court upon the question as to the correctness of the above instruction. Only one member of the supreme court, Judge Henry, concurred with Judge Sherwood in that paragraph, of his opinion in *State v. Culler, supra*, which treated of the question of self-defence. The opinion on that question was not, therefore, the opinion of the court.

The second instruction asked by the defendant and refused by the court, was properly refused, because it

was in conflict with the fourth instruction, above given for the plaintiff.

The court properly refused the sixth instruction, asked by the defendant. That instruction was as follows: "The jury are instructed, if they find, from the evidence, that the difficulty between plaintiff and defendant was brought on by the mutual consent of both, then they will find for the defendant." That instruction did not state the law. Consent to an assault is no justification. Cooley on Torts, 163; *Shay v. Thom*, 59 Wis. 542, and cases cited. Besides, there was no evidence upon which to base the instruction.

The court refused other instructions asked by defendant, and properly did so. Everything in the refused instructions, to which the defendant was entitled, he received the benefit of in other instructions asked by him and given by the court. The case was correctly tried.

Judgment affirmed. Ellison, J., concurs; Philips, P. J., concurs in the result.