MICHAEL SMITH v. BURGHARDT SIMON ET AL.

*Assault and battery—Parties engaging in fight by agreement—Charge to jury.*

1. In a civil suit for assault and battery, on the trial of which the defendants' theory was that the fight was had by mutual agreement of the parties, in the absence of any testimony tending to show that the defendant was guilty of excessive cruelty, or of unnecessary and excessive beating, intending to do the injury complained of, it is error for the court to instruct the jury that they were at liberty to so find from the evidence.

2. Where a father and his two sons were sued civilly for assault and battery, and the evidence showed that the father was not present until the injury complained of was inflicted, and there being no testimony tending to show a previous understanding or concert of action to assault and beat the plaintiff, it is error for the court to submit that question to the jury.

Error to Clinton. (Smith, J.) Argued February 1, 1888. Decided April 20, 1888.

Action for assault and battery. Defendants bring error. Reversed. The facts are stated in the opinion.

*Daboll & Brunson,* for appellants.

*J. H. Fedewa, O. L. Spaulding,* and *Martha Strickland,* for plaintiff.

CHAMPLIN, J. The record states that all the material testimony is returned.

The testimony shows that on the night of the seventeenth of June, 1885, the defendant Burghardt Simon and his family retired for the night at about 9 o'clock, and after that hour he heard a noise at his pump in the yard, when he arose, and, looking out of the door, saw some young people,—boys and girls,—and told them he thought it "about time they were seeking their nests." After they got into the road in

front of his house, the boys hallooed, and made some noise, and were joined by plaintiff, who was belligerent, and wanted to fight,—in fun, as he says. The two sons of defendant Burghardt Simon arose from bed, dressed, and went out.

It is quite clear, from the evidence of the neighbors and others, that the party in the road were making considerable disturbance.

John and Anthony Simon pursued the party a short distance, when they came up to them, and, after some words, the plaintiff and Anthony Simon mutually agreed to fight then and there. And fight they did, and in the *mêlée* the plaintiff's shoulder was dislocated, and the bones of his arm fractured.

It was the plaintiff's theory that there was a cessation in the fight, and that really there were two fights,—the first by mutual agreement, and the second by a fresh attack from Anthony, unsolicited by plaintiff,—and that it was during the second fight that he received the injury for which he has brought suit.

The defendants' theory was that it was all one fight or struggle, and that, injury having been received in a fracas in which the parties mutually engaged, and without any intent so to injure him, no recovery could be had.

The circuit judge charged the jury as follows:

"Now, if, as the defendants claim, the arm was broken during the first struggle, before they got up, then the plaintiff cannot recover, unless you further find that it was the result of unnecessary and excessive beating and harshness on the part of the defendant, the defendant intending to seriously injure him. If the arm was broken in the first struggle, with no intent to break it on the part of the defendant, the plaintiff cannot recover. If it was broken on account or because of excessive cruelty on the part of the defendant in the first struggle, before they got up, then, for that injury, the plaintiff cannot recover against the father."

The testimony does not disclose precisely in what manner the injury complained of was received. The parties clinched

and wrestled, the plaintiff first throwing Anthony to the ground, and afterwards he was thrown by Anthony; but there is an entire absence of testimony tending to show that Anthony was guilty of excessive cruelty which occasioned the injury, or that he was guilty of unnecessary and excessive beating and harshness, intending to do him the injury complained of; and I think the court erred in instructing the jury that they were at liberty to so find from the evidence.

I also think the court erred in submitting it to the jury to find, from the testimony, that there was a common purpose between all three of the defendants to assault and beat the plaintiff. Burghardt Simon was not there until the fight was over and the injury done, and there is no testimony tending to show a previous understanding or concert of action to assault and beat the plaintiff.

I think the judgment should be reversed, and a new trial ordered.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred.