OWEN T. JONES

v.

JOHN FORTUNE et al.

*Filed at Ottawa May 16, 1889.*

1. APPEALS—*reversal and remandment—by Appellate Court—power and duty of that court—the trial court directing what the verdict shall be.* It is competent for the trial court to exclude the plaintiff's evidence from the jury, where it has no legitimate tendency to establish the cause of action alleged; and the Appellate Court is authorized, on appeal, to do what it shall hold the trial court should have done in this respect upon the trial.

2. If the Appellate Court reverses the judgment of the trial court for error in its rulings of law, it must remand the cause for a new trial, unless it shall find that the evidence does not tend to prove the cause of action alleged, for otherwise it will deprive the plaintiff of the right to a trial by jury.

3. SAME—*finding of facts—by Appellate Court—and recital thereof in final judgment—how far conclusive.* If the Appellate Court refuses to remand the cause for the reason that the evidence does not tend to prove the cause of action alleged, it must "either wholly or in part find the facts concerning the matter in controversy different from the finding of the trial court;" and in that event it is required to recite in its final order, judgment or decree, the facts as found.

4. The facts found by the Appellate Court, when recited in its final judgment, are not subject to controversy in this court; but this court may inquire whether the law has been correctly applied to them, and thus determine whether the refusal to remand was proper.

5. SAME—*final judgment—in Appellate Court.* A judgment of the Appellate Court reversing and remanding a cause is not a final judgment, and no appeal lies from such judgment to this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

Messrs. H. T. & L. HELM, for the appellant.

Messrs. HYNES & DUNNE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was trespass, by Owen T. Jones, against John Fortune and Patrick O'Grady, for a personal assault. The defendants pleaded the general issue, and several special pleas admitting but justifying the trespass, on different grounds. Issues were joined on all of the pleas. The jury returned a verdict finding the defendants guilty, and assessing the plaintiff's damages at $6000. The court overruled a motion for a new trial, and entered judgment upon that verdict. The defendants appealed to the Appellate Court for the First District, and that court reversed the judgment for error in giving a certain instruction and in admitting certain testimony, and refused to remand the cause, and gave final judgment, there, for the defendants. There is no arrest of the judgment. It is simply reversed, and a new trial is denied.

Article 2, section 5, of the present constitution, provides that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." This case belongs to the class of cases in which the right of trial by jury was enjoyed before the adoption of the present constitution, and it is therefore within this guarantee.

Under our decisions, it is competent for the trial court to exclude the evidence from the jury where it has no legitimate tendency to establish the cause of action alleged, and the Appellate Court is authorized, on appeal, to do what it shall hold the trial court should have done, in this respect, upon the trial. (*Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601.) But it is manifest that if the Appellate Court shall reverse the trial court for error in its rulings of law, it must remand the cause for a new trial, unless it shall find that the evidence does not tend to prove the cause of action alleged, for otherwise it will deprive the plaintiff of the guaranteed right of trial by jury. If the Appellate Court shall refuse to remand the cause, for the reason that the evidence does not tend to prove the cause of action alleged, it must, "either wholly or in

part, find the facts concerning the matter in controversy different from the finding of the trial court," and in that event it is required to recite, in its final order, judgment or decree, the facts as found. (Practice act, sec. 88, 2 Starr & Curtis' Stat. p. 1842.) The facts, when thus recited, are not the subject of controversy in this court, but we may inquire whether the law has been correctly applied to them, and therefore determine whether the refusal to remand was proper.

A judgment reversing and remanding a cause is not a final judgment, and no appeal lies from such a judgment of the Appellate Court to this court. *Anderson* v. *Fruitt,* 108 Ill. 378; *Harzfeld et al.* v. *Converse,* 105 id. 534.

Appellant is entitled to a new trial, unless the evidence does not tend to prove the cause of action alleged; and he is entitled to have this court review the law as applied to the findings of the Appellate Court in this respect. Were we to act upon the present judgment as a final judgment, we would be compelled to affirm the judgment of the Appellate Court, unless we found that it erred in its rulings of law in respect of instructions and the admission of evidence, and thus cut off all opportunity of another trial, notwithstanding it might be manifest that there are grounds of recovery unaffected by those rulings.

The judgment is reversed, and the cause is remanded to the Appellate Court, with directions to that court either to recite in its final order, judgment or decree, its finding of facts whereon it bases its final judgment of reversal and refusal to remand the cause, or that it enter an order remanding the cause to the trial court for further proceedings in conformity with its opinion as filed in the case.

*Judgment reversed.*