## Parker W. Thomas v. William Riley, Jr.

1. GENERAL ISSUE—*what incompetent under*. In an action of trespass *vi et armis*, matters in discharge or by way of justification must be specially pleaded, and cannot be offered under the general issue.

2. INSTRUCTIONS—*should not contradict each other*. The instructions given in a cause, at the request of the respective parties, should be consistent with each other; and it is error to give instructions to the jury which contradict each other with respect to material matters.

3. INSTRUCTION—*must not assume facts in dispute*. An instruction should not assume facts in dispute.

4. ASSAULT—*what not defense to*. The mere fact that the assault and battery complained of might have been committed by the defend-

Thomas v. Riley.

ant in the course of a fight with the plaintiff, which was entered into by mutual consent, will not avail to relieve such defendant from all liability for the injury inflicted; however, such facts may be shown in mitigation of damages.

Action of trespass. Appeal from the Circuit Court of Macon County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

I. A. BUCKINGHAM and MILLS & FITZGERALD, for appellant.

MILLS BROTHERS and LE FORGEE & VAIL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit in trespass *vi et armis*, by Parker W. Thomas against William Riley, Jr., to recover damages for an alleged assault and battery. The general issue only was pleaded by defendant, and a trial by jury resulted in a verdict for the defendant.

It is urged on behalf of appellant, that the verdict is against the manifest weight of the evidence, and that the court gave to the jury erroneous instructions at the request of the defendant below.

The only evidence introduced on the trial was on behalf of plaintiff, the defendant electing to submit the case on the evidence of plaintiff's witnesses. A consideration of the evidence in this case impels us to the conclusion that defendant made a vicious and unwarranted assault on plaintiff, inflicting severe cuts and bruises, and that the verdict of the jury must have been induced by considerations outside of the evidence.

At the request of plaintiff, the court instructed the jury that the only question for them to determine was, whether the defendant assaulted and beat the plaintiff, as charged in the declaration, and that, if they so found, the defendant could not justify such assault upon the ground of self-defense, or that the plaintiff made the first assault upon him.

At the request of defendant the court instructed the jury that, if the plaintiff assaulted the defendant, and if

the injuries inflicted by defendant were inflicted by him in his necessary self-defense, they should find the defendant not guilty. These instructions are clearly contradictory, and the instruction given at the request of the defendant is erroneous, under the pleadings and proof. In this action, the plea of the general issue alone, does not enable defendant to justify his assault and battery. The action is *stricti juris*, and matters in discharge or justification must be specially pleaded. C. & E. I. R. R. Co. v. Casazza, 83 Ill. App. 421. There is not a scintilla of evidence in the record tending to show that plaintiff first-assaulted the defendant, but if there was evidence of an assault by plaintiff, defendant could only justify his retaliation in bar by pleading *son assault demesne*.

The fifth instruction given at the request of the defendant is as follows: "If the jury, after considering the testimony of all the witnesses, believe that the affray of June 14, 1902, between the plaintiff and the defendant, was a mutual affair, and they both sought the encounter, and that both mutually and willingly entered into a fight, and that both were equally guilty of the assault, then the plaintiff cannot recover, and it will be your duty to find for the defendant." This is not the law. That the assault and battery complained of was committed by defendant in the course of a fight with plaintiff by agreement or mutual consent, could be shown in mitigation of damages, but such agreement or consent to fight being unlawful, it cannot avail to relieve defendant from all liability for the injury inflicted. 2 Greenleaf on Evidence, sec. 85; Adams v. Waggoner, 33 Ind. 531; Willev v. Carpenter, 15 L. R. A. 853.

An affray is defined as "the fighting of two or more persons in some public place to the terror of the people." 1 Bouv. 98. The instruction quoted, and also the third instruction given at request of defendant, improperly assume that plaintiff and defendant were engaged in an affray.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*