# SUPREME COURT
## STATE OF KANSAS

### JANUARY TERM, 1919

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST, } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

---

No. 21,329.

JANE McCULLOCH, *Appellee*, v. MARGARET M. GOODRICH, *Appellant.*

SYLLABUS BY THE COURT.

1. MUTUAL COMBAT—*Assault and Battery—Civil Damages.* In an action to recover damages for an assault and battery, where the petition alleges that the defendant assaulted the plaintiff, and the answer alleges that the plaintiff assaulted the defendant, and each party introduces evidence to support his contention, competent evidence cannot be properly excluded, although it may tend to prove that the parties engaged in a mutual combat, and if there is evidence tending to prove that fact, it is proper for the court to instruct the jury concerning the law of mutual combat.

2. SAME. Where persons engage in a mutual combat, each may recover from the other all damages caused by injuries received from the other in the fight.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed June 7, 1919. Affirmed.

*John Hartzler,* of Goodland, for the appellant.
*E. F. Murphy,* of Goodland, for the appellee.

1—105 KAN.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued for damages which resulted from injuries inflicted upon her in an assault by the defendant. The petition alleged that the defendant assaulted the plaintiff with an umbrella and dangerously wounded her. The answer contained a general denial of the allegations of the petition, and pleaded assault and battery by the plaintiff. The answer also pleaded self-defense, and that if the defendant did strike the plaintiff with an unmbella it was unintentional and only incidental to her lawful defense against the assaults of the plaintiff. Judgment was rendered for the plaintiff, and the defendant appeals.

1. The defendant contends that the court erred in giving the following instruction:

"The jury is instructed, that if parties fight by mutual consent the aggressions are mutual, and the circumstances of who committed the first act of violence is not material in an action to recover damages for the injuries he received in the fight. If the conduct of the parties to a mutual combat constitute a breach of the criminal law, the consent of either one to participate in the melee does not deprive him of his civil remedy against the other. Each contestant may recover from the other all damages resulting from the injuries he received in the fight."

The defendant argues that, by this instruction, the court gave the law concerning mutual combat, and that under the pleadings, no evidence of mutual combat could be properly introduced. By the pleadings, each party alleged that the other committed an assault and battery on the party pleading. Each probably introduced evidence to prove her contention. That evidence may have tended to prove that each was ready to engage in a fight with the other, and that each willingly engaged in the contest. If such a condition existed, that evidence could not be excluded, and the court properly gave the instruction.

This action is closely parallel to *McNeil v. Mullin*, 70 Kan. 634, 79 Pac. 168, and the rule there declared controls.

2. Complaint is made of the following instruction:

"The defendant claims in her answer herein that the plaintiff at the time of the alleged controversy was a licensed physician, and as such licensed physician was maintaining a public office in Goodland, Kansas, and that at said time she went to said office on a business errand. You are instructed that one who is a physician and maintains a public office, as such, thereby invites the public to said office for the purpose of con-

sultation and rendering medical services to those who might request it; and if the defendant, in a peaceable, quiet and orderly manner, entered said office on a business errand with the plaintiff herein, she had a right so to do and to remain therein for a reasonable length of time in order to transact such business, providing that during all of said time she was acting in a quiet, peaceable and orderly manner, but if at any time she became abusive in her language or manner toward the plaintiff or any of the occupants therein, then and in such a case the plaintiff would have a right to request her to depart from said office, and defendant failing to do so within a reasonable length of time after being so requested, the plaintiff would have a right to use such force as was reasonably necessary in ejecting said defendant from said office; and if plaintiff did use more force than was reasonably necessary in ejecting defendant from said office at said time, the defendant would have the right to use such force in resisting such excessive force on the part of the plaintiff and protecting herself against harm and injury therefrom as appeared to her at the time, acting in good faith, to be reasonably necessary, and in such a case the defendant would not be liable for injury resulting to plaintiff from the force used by the defendant. However, in such case, if the defendant wantonly, willfully and maliciously used more force than was necessary in resisting such excessive force or assault, she would be liable to plaintiff for damages resulting therefrom."

The defendant argues that there can be no question that if, as the court assumes, the plaintiff used more force than was necessary, she was the aggressor, and, if the defendant, in defending herself against such aggressions, used more force than was necessary, she cannot be held for damages. The defendant further argues that, as the plaintiff was the aggressor, she cannot complain if she was beaten in a combat which she herself began.

The defendant's argument is not good. Each party is liable for her own wrongdoing. The defendant assumes that the plaintiff was the aggressor, and argues from that assumption that she cannot complain if she came out second best in the fight. The assumption omits the possibility that the defendant consented to the fight and willingly engaged in it. If she did so consent, and did so engage in it, she is liable for the injuries inflicted by her on her opponent. (*McNeil v. Mullin,* supra; 5 C. J. 630.)

A careful examination of the instruction does not disclose any error therein of which the defendant can complain.

The judgment is affirmed.