### COLBY et al. v. McCLENDON.

No. 8248—Opinion Filed April 4, 1922.

(Syllabus.)

**1. Death—Homicide — Mutual Combat — Right of Widow to Recover Damages.**

Where parties engage in mutual combat in anger with deadly weapons, each is civilly liable to the other for any physical injury inflicted by him during the fight. The fact that the parties voluntarily engaged in such a combat with deadly weapons is no defense to an action by the widow of one to recover damages for the death of her husband, caused by the other.

**2. Same—Instructions on Self-Defense.**

The instructions examined, and held, that the plea of self-defense was properly submitted to the jury.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Mrs. Annie McClendon against J. H. Colby and Wade Stovall for damages for causing death of her husband, T. L. McClendon. Judgment for plaintiff, and defendants bring error. Affirmed.

Ben F. Williams and J. B. Dudley, for plaintiffs in error.

E. E. Glasco, Roy Glasco, and Ben Franklin, for defendant in error.

McNEILL, J. This is an action commenced in the district court of McClain county by Anna McClendon, surviving widow of T. L. McClendon, against J. H. Colby and Wade Stovall to recover damages for the wrongful and intentional killing of her husband on August 16, 1911. From a judgment in favor of the plaintiff and against the defendants, the defendants have appealed.

The plaintiffs in error brief but two questions. The first is stated as follows:

"Where two persons voluntarily engage in a mutual combat resulting in the death of one at the hands of the other, the latter is not civilly liable in damages therefor."

Plaintiffs in error allege this controversy grew out of a controversy over a schoolhouse site between the school authorities

of school district No. 47 and defendant Colby. The facts are stated about as follows: Mrs. Yoder, a Choctaw Indian, was allotted 40 acres of land in what is now McClain county. In July, 1905, she and her husband executed a mortgage payable in five years. After the execution of the mortgage she permitted the school authorities to build a schoolhouse on an acre of said land. There was no conveyance made of the school site to the school district, but school was regularly carried on and conducted in the schoolhouse for years. After statehood Mrs. Yoder conveyed the land, subject to the mortgage, to Mr. Glasco, who went into possession thereof. Glasco built a residence on the school site near the schoolhouse, which was used and occupied by a tenant. The school authorities had no record title to the acre of land and Glasco refused to recognize their rights to the land. The building of the residence on the school site interfered with the running of the school, so the school district brought suit against Glasco for the purpose of quieting title to the school site and to compel the removal of the dwelling from the school site. Judgment was rendered in favor of the school district and against Glasco, directing him within 90 days to remove the residence from the school site.

In this suit it is alleged that defendant Colby and Glasco entered into a conspiracy to secure possession of said school site. Colby was not a party to the suit between the school district and Glasco, although he testified in that case. A few months prior to maturity of the mortgage executed by Mrs. Yoder on this land, Colby purchased the same, and after the mortgage matured he had the land sold by advertising, as provided under the Arkansas law. Colby bought in the property. After Colby secured the certificate of purchase, being entitled to possession, he went into possession through a tenant named Vincent. This possession was taken after the judgment in the case of the school district against Glasco and prior to the 90 days which Glasco had to remove the premises. Colby proceeded to build a wire fence around the schoolhouse and keep the school authorities out. The directors protested. Colby secured the services of Stovall, a supposed gunman. He introduced Stovall to people in that vicinity as Professor Wade, and stated that Professor Wade was going to open up school the next day and notified the people to come, stating that "Stovall would not teach with schoolbooks, but with shotguns and shells." Colby and Stovall went to the residence located on the school site, and both were armed with Winchesters, and the next day proceeded to build the fence. The school trustees and patrons, about twelve in number, assembled, and all or a portion of them with firearms, and started toward the schoolhouse site to prevent the building of the fence.

It is admitted the evidence is conflicting about what occurred. Colby contends that he and Stovall saw the parties assemble, and when the parties started to where he was, he and Stovall started to the house where their guns were, and before reaching the house shots were fired at them. After reaching the house, the battle ensued between Colby, Stovall, and the trustees and patrons. Colby was shot and injured and deceased and another party were killed. The evidence upon behalf of defendant in error was to the effect that the trustees called to Colby to stop, that the directors wanted to talk to him, but he and Stovall proceeded to the house and secured their guns and immediately opened fire upon the directors and patrons.

The plaintiffs in error contend that under this state of facts this amounted to a mutual combat voluntarily entered into between the parties, and that, the deceased having voluntarily entered into the combat, Colby would not be liable for damages. The plaintiffs in error requested instructions to this effect, which were refused by the court, and the court instructed the jury if the parties entered into a mutual combat voluntarily, this would not relieve the party in an action for damages. Plaintiffs in error admit that there is a conflict in the decisions upon this question, and admit that the majority of the courts hold contrary to that contention.

The rule prevailing in the majority of the states may be stated as follows:

"Where the parties engage in mutual combat in anger, each is civilly liable to the other for any physical injury inflicted by him during the fight. The fact that the parties voluntarily engaged in the combat is no defense to an action by either of them to recover damages for personal injuries inflicted upon him by the other."

The following cases support this rule: Thomas v. Riley, 114 Ill. App. 520; Adams v. Waggoner, 33 Ind. 531, 5 Am. Rep. 230; Lund v. Tyler, 115, Iowa, 236, 88 N. W. 333; McCulloch v. Goodrich, 105 Kan. 1, 181 Pac. 556; McNeil v. Mullin, 70 Kan. 634, 79 Pac. 168; Grotton v. Glidden, 84 Me. 589, 30 Am. St. Rep. 413, 24 Atl. 1008; Lizana v. Lang, 90 Miss. 469, 43 South. 477; Jones v. Gale,

22 Mo. App. 637; Morris v. Miller, 83 Neb. 218, 20 L. R. A. (N. S.) 907, 131 Am. St. Rep. 636, 119 N. W. 458; Dole v. Erskine, 35 N. H. 503; Bell v. Hansley, 48 N. C. 131; Lewis v. Fountain, 168 N. C. 277, 84 S. E. 278; Barholt v. Wright, 45 Ohio St. 177, 12 N. E. 185; McCue v. Klein, 60 Tex. 168, 48 Am. Rep. 260; Willey v. Carpenter, 64 Vt. 212, 23 Atl. 630; Shay v. Thompson, 59 Wis. 540, 18 N. W. 473; Boulter v. Clark, cited in N. P. 16 (England); Stout v. Wren, 8 N. C. 420, 9 Am. Dec. 653; Bell v. Hansley, 48 N. C. 131; Logan v. Austin, 1 Stew. (Ala.) 476; Freed v. Collins, 169 Iowa, 359, 151 N. W. 471; Jones v. Fortune, 128 Ill. 518, 21 N. E. 523; St. John v. Parr, 7 U. C. C. P. 142; Eisentraut v. Madden, 97 Neb. 466, 150 N. W. 627; Gutzman v. Clancy, 114 Wis. 589, 58 L. R. A. 744, 90 N. W. 1081.

The minority rule is stated as follows:

"Where parties engage in a mutual combat in anger, the act of each is unlawful and relief will be denied them in a civil action; at least, in the absence of a showing of excessive force or malicious intent to do serious injury upon the part of the defendant."

The cases supporting this theory are as follows: Smith v. Simon, 69 Mich. 481, 37 N. W. 548; Galbraith v. Fleming, 60 Mich. 408, 27 N. W. 583; White v. Whittal, 113 Mich. 493, 71 N. W. 1118; Mitchell v. United R. Co., 125 Mo. App. 1, 102 S. W. 661; Beavers v. Bowen, 26 Ky. L. Rep. 291, 80 S. W. 1165; Lykins v. Hamrick, 144 Ky. 80, 137 S. W. 852.

These cases are all cited and well annotated in 6 A. L. R. 394, and the annotator in comparing the rules stated as follows:

"A comparison of the results reached in the cases that sustain the respective rules suggests that those results have been somewhat less affected by the difference in the rules than might have been expected; since in many, at least, of the cases that declare the majority rule, the facts show that the defendant used excessive and disproportionate force, and so might have been held liable even under the minority rule. However the possibility of a serious injury to one combatant at the hands of another, who does not use what, in the circumstances, amounts to excessive or disproportionate force, affords some scope for difference in the respective rules."

This court has never passed upon the question, but it seems that the majority rule is supported by the best reasoning. We think it should be followed in a case where the parties enter into a mutual combat with deadly weapons. The minority rule is announced in cases where the injury resulted from fist fights, although the case of Ly-

kins v. Hamrick, supra, was where parties were engaged in a cutting scrape. We think it would be against public policy to apply the minority rule in a case where persons enter into a mutual combat with deadly weapons.

The only other question presented is the correctness of the instructions of the court in submitting the plea of self-defense. The plaintiffs in error state that the law of self-defense in an action for damages for intentional killing is the same as in a criminal case, except that the defense of self-defense must be established by a preponderance of the evidence. An examination of the instruction discloses that the instruction submitted the plea of self-defense in accordance with the law announced in the case of McDaniel v. State, 8 Okla. Cr. 209, 127 Pac. 358. The instructions fairly submitted the issues to the jury, and each and every defense raised by the defendant.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.